**HUI LIN, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondents.**

No. 06–4322–ag.

United States Court of Appeals,
Second Circuit.

Oct. 9, 2007.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Peter D. Keisler, Acting U.S. Attorney and Former Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Scott Rempell, Trial Attor-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

ney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Lin, a native and citizen of the People's Republic of China, seeks review of an August 24, 2006 order of the BIA affirming the October 13, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Lin,* No. A 79 813 548 (B.I.A. Aug. 24, 2006), *aff'g* No. A 79 813 548 (Immig. Ct. N.Y. City, Oct. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds, Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the agency's adverse credibility finding. In finding

Lin not credible, the BIA and IJ reasonably relied on the omission from his airport and credible fear interviews of the incidents related to his asylum claim based on religion. Lin testified that the Chinese authorities threatened to arrest him on three separate occasions due to his attendance at private Christian gatherings, and that the police also sought to arrest him in China due to a work-related incident. Despite this testimony, Lin mentioned in his airport and credible fear interviews only the workplace incident and failed to express any fear of returning to China related to his religious activities.

While Lin contests the reliability of the airport and credible fear interviews, the record reveals that both represent a "sufficiently accurate record" of his statements for the purpose of evaluating Lin's credibility. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). The airport statement appears to be a verbatim transcript, rather than a mere paraphrasing, and the immigration officer asked several questions designed to elicit information about any concerns Lin might have regarding returning to China. Similarly, the record of Lin's statements from his credible fear interview contains, at the least, a clear summary of the basis of his asylum claim, which omits entirely any claim based on religion. *See Maladho Djehe Diallo v. Gonzales,* 445 F.3d 624, 631–33 (2d Cir.2006).

The BIA and IJ reasonably declined to credit Lin's explanations at his hearing for these omissions—that "they did not have much interpretation inside" at the time of his airport interview and that he "did not know much about asylum" when his credible fear interview took place. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those expla-

nations would compel a reasonable factfinder to do so). And, because the omissions from Lin's airport and credible fear interviews involved the crux of his claim, they substantiated the agency's adverse credibility determination. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

Additionally, the IJ accurately observed an inconsistency between Lin's testimony that he began attending the Church of Grace in New York in approximately December 2002 and his pastor's statement that he had been attending services since March 2004. Lin testified that the pastor would not have initially known him because nearly four hundred to five hundred people attend the church. However, the IJ was not required to credit this explanation, given that Lin had requested confirmation of the dates of his church attendance from the pastor, conceded that he was aware that the date provided by the pastor was inaccurate, and presumably had the opportunity to apprise the pastor of the actual date that he began to attend the Church of Grace. *See also Majidi*, 430 F.3d at 80–81.

Further, the IJ appropriately gave diminished weight to the letters submitted by Lin. The weight afforded to documentary evidence lies largely within the discretion of the IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341–42 (2d Cir.2006) (quoting *Asociácion de Compositores y Editores de Musica LatinoAmericana v. Copyright Royalty Tribunal*, 854 F.2d 10, 13 (2d Cir.1988)). In any event, the doubt cast on Lin's testimony due to the omissions noted reasonably cast doubt also on the submitted letters, which were not notarized, in the circumstances of this case. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007).

In this vein, in rendering its adverse credibility determination, the IJ also reasonably relied on the absence of corrobora-

tion for Lin's allegation that he began attending the Church of Grace in New York in December 2002. Lin's deficient corroboration rendered him unable to rehabilitate testimony that had already been called into question by the omissions from his airport and credible fear interviews. *See Zhou Yun Zhang*, 386 F.3d at 78.

While the agency's adverse credibility finding was not without flaws, remand is not required because we can confidently predict that remand would be futile. *See Xiao Ji Chen*, 471 F.3d at 338–39. Since we are affirming the adverse credibility finding, we need not decide whether the IJ reasonably determined that the incidents described by Lin would not be sufficient to constitute persecution.

We note, finally, that according to Lin, the police also sought to arrest him in China due to a work-related incident in which a co-worker was injured. While Lin testified that the government-owned company where he worked blamed his co-worker's accident on him and attempted to have him arrested, he failed to testify or otherwise demonstrate that this event occurred on account of either his race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). In the absence of a nexus between the alleged harm and a protected ground, Lin's claim based on the workplace accident fails. As such, the agency's denial of Lin's application in this regard was supported by substantial evidence.

Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

The Government's argument that Lin failed to exhaust his administrative reme-

dies with regard to his CAT claim is unavailing because the agency addressed it below. *See Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994) (finding that if the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court). However, the BIA and IJ reasonably found that Lin failed to demonstrate eligibility for relief under the CAT based on his illegal departure from China. While Lin testified that he would be "arrested, sentenced and fined" because he came to the United States through "illegal smuggling," he failed to submit any documentary evidence or background materials to support that claim. On this record, and "[w]ithout more particularized evidence," the agency reasonably found that Lin failed to establish that it is more likely than not that he would be mistreated based on his illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.